**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DWAYNE SHAFER                                    :

      Plaintiff                                   :

v                                                :          Civil Action No. JFM-06-3461

JON GALLEY,                                      :
OFFICER ORADROFF,
and CHAPLAIN BEITZEL                             :

      Defendants                                  :
                          o0o

**MEMORANDUM**

Pending in the above-captioned civil rights action is defendants' motion to dismiss or for summary judgment. Paper No. 23. Plaintiff has filed a response in opposition. Paper No. 26. Upon review of the papers the court finds a hearing in this matter unnecessary. *See* Local Rule 106.5 (D. Md. 2004). For the reasons that follow, defendants' motion, construed as a motion for summary judgment, will be granted.

**Background**

Plaintiff claims he was banned from attending congregate worship services for his chosen Native American religion on December 28, 2006, in retaliation for filing an administrative remedy complaint against the Chaplain at Western Correctional Institution (WCI). Paper No. 1 at p. 4. The complaint filed against the Chaplain concerned plaintiff's allegation that he was denied permission to do a ceremony in the memory of his daughter involving a self prayer in the presence of the officer in his Native American religious group. *Id*. Plaintiff states the ban was imposed by defendants because they believe he is a member of a prison gang[1] responsible for violence within the prison.

---

[1] The suspected gang is "DMI" or Dead Men, Incorporated.

*Id.*  He denies being a member of the gang. *Id.*

Defendants claim an extensive investigation revealed that gang members had infiltrated several religious groups at WCI.  Paper No. 23 at Ex. 1.  Plaintiff was identified as one of the gang members.  *Id.*  When he was suspended from congregate worship, plaintiff was told he could continue his worship privately within in the confines of his own cell.  *Id.*  Defendants further claim that a significant amount of information was developed over a substantial period of time that various religious groups were infiltrated by gangs and that the infiltration was well documented.  *Id.* at Ex. 2.  That evidence has not, however, been submitted for  this court's review.

After plaintiff was suspended from congregate worship, he was placed on administrative segregation pending an investigation into the veracity of anonymous note dated January 23, 2007, accusing him of ordering "hits" on other inmates as well as officers.  *Id.*  at Ex. 4.  On January 22, 2007, plaintiff was interviewed by Captain Butler regarding a letter received from a friend of plaintiff's stating that plaintiff was being forced to do things he did not want to do.  *Id.* at Ex. 3. In Butler's report to the Warden, he relates that plaintiff complained about a weapons charge in 2003 for which he received an infraction and lost good conduct time.  *Id.*  Plaintiff claimed the charge was retaliatory because he had lodged complaints and further stated that all urine tests and cell searches conducted were a part of the harassment. *Id.*

During the course of the interview, plaintiff complained about the suspension of his congregate worship attendance.  *Id.*  He denied being a member of the DMI gang, but admitted to associating with members of the gang on a regular basis. *Id.*  Butler's report states that plaintiff was worried that his removal from the Native American list would cause other inmates to believe he was a member of the gang, but would not acknowledge that regular association with known gang

2

members would have the same result.  *Id.*  Plaintiff does not deny the factual allegations contained

in this report.  *See* Paper No. 26.

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to
> a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat

the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon

the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d

514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia

Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide

by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses

from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted

the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations of religious discrimination and harassment.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson*

*v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).  Plaintiff denies, in

an affidavit, failing to file an administrative remedy.  Paper No. 26.  Defendants provide a chart

showing the administrative remedies filed by plaintiff, with brief descriptions of the subject-matter

of each claim.  Paper No. 23 at Ex. 10.  There is one listed for December 28, 2006, around the time

of plaintiff's removal from congregate worship services.  *Id.*  The subject matter is noted as "cell

buddy discussed." *Id.*  In light of the factual dispute concerning exhaustion, and the lack of evidence

provided by defendant to support their claim of non-exhaustion, the court declines to dismiss the

complaint on the basis of failure to exhaust administrative remedies.

**Analysis**

First Amendment Claim

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges

and rights, a retraction justified by the considerations underlying our penal system."  *O'lone v.*

*Estate of Shabazz*, 482 U.S. 342, 348 (1987).  With respect to the free exercise of religion, prison

inmates retain a right to reasonable opportunities for free exercise of religious beliefs without

concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  That retained

right is not unfettered.  Prison restrictions that impact on the free exercise of religion, but are related

to legitimate penological objectives do not run afoul of the constitution.  *See Turner v. Safely*, 482

U.S. 78, 89– 91 (1987).  To determine if the restrictions are justified , the court must examine

whether there is a rational relation between the asserted governmental interest and the regulation in

question.  In addition, the court must examine: whether there are alternative means of exercising the

right asserted; whether accommodation of the right will impact on the orderly operations of the

prison; and whether readily available alternatives to the regulation would be less restrictive. *See Id.*

Plaintiff disputes the allegation that he is a member of a prison gang and concludes there is no legitimate reason for suspending his congregate worship privileges.  Paper No. 26.  Plaintiff does not, however, dispute that he regularly associates with known members of a prison gang.  Paper No. 23 at Ex. 3.  Plaintiff's actual membership status with an admittedly violent prison gang is a distinction without a difference to the extent that his association presents a security issue.  The court accords deference to prison officials who are charged with the difficult task of maintaining a safe prison environment under difficult circumstances.  Plaintiff has not been prohibited from practicing his chosen religion on his own.  The identification of individuals who were the likely cause of gang activity, or who were likely to cooperate with such activity, and suspension of their congregate worship privileges is justified and likely is the least restrictive means available to prevent the further escalation of gange-related violence with Maryland's prisons.

<u>Retaliation Claim</u>

In order to prevail on a claim of retaliation, plaintiff  "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right."  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).   It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment.[2]  A complaint which alleges retaliation in wholly conclusory terms may, however, safely be dismissed on the pleading alone.  *See Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996)

---

[2] *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim).

(conclusory allegations of retaliation insufficient to state claim).  Given the undisputed evidence regarding plaintiff's association with known gang members which supports Defendants' decision to remove him from congregate worship services, the retaliation claim raised must fail.  Defendants are entitled to summary judgment in their favor on the retaliation claim.

### Conclusion

The undisputed facts in this case establish no basis for a finding that plaintiff's constitutional rights were abridged.  Defendants are, therefore, entitled to summary judgment which shall be granted by separate order which follows.


September 27, 2007                          /s/_____
Date                                             J. Frederick Motz
                                                 United States District Judge